

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Senora F. Gordon,<br><br>Plaintiff,<br><br>vs.<br><br>Village of Matteson, a municipal corporation, Robert Christian, and Christene Lewandowski,<br><br>Defendants. | No. 06 C 4572<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Plaintiff Senora Gordon ("Gordon") filed a four-count complaint against Defendants Village of Matteson ("Matteson"), Robert Christensen ("Christensen"), and Christine ("Lewandowski") alleging various federal and state law claims.[1] Before the Court is Defendants' motion to dismiss Counts II, III, and IV pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure.* For the reasons set forth below, Defendants' motion to dismiss the complaint is GRANTED in part and DENIED in part.

### I. Factual Background

The following summary of factual allegations is taken from Plaintiff's complaint and is deemed true for purposes of this motion. On August 25, 2005, Nikisha NacNeal phoned the Matteson Police Department and reported that Gordon wielded a knife. Acting on this

---

[1] Plaintiff names Defendant as "Robert Christian." (Compl. at 1.) Defendant notes that this designation is incorrect. (Def. Reply at 1.) Accordingly, the Court refers to said Defendant as "Robert Christensen."

1

complaint, Police Officers Christensen and Lewandowski located Gordon at a neighbor's house. Christensen approached Gordon and - without informing her that she was under arrest or advising Gordon of her Miranda rights - allegedly twisted Gordon's arms behind her back, handcuffed her, and led her to the police car. Officer Lewandowski and Officer Christensen then forced Gordon into the police car. Gordon was subsequently charged with aggravated assault and with resisting arrest. Both charges were later dismissed on a motion by the state.

Based on the facts described above, Gordon filed a suit against the Defendants in state court. Defendants removed the action to federal court pursuant to *28 U.S.C. § 1441(a)*. Plaintiff brings Count I against all Defendants for false arrest. In Count II, Plaintiff alleges battery against all Defendants. In Count III, Plaintiff alleges violations of the Fifth and Fourteenth Amendments, pursuant to *42 U.S.C. § 1983* against all Defendants. In Count IV, Plaintiff alleges violations of *42 U.S.C. § 1983* against Matteson. Defendants move to dismiss Counts II, III, and IV pursuant to *Federal Rule of Civil Procedure 12(b)(6)*.

## II. Standard of Review

Motions to dismiss under *Rule 12(b)(6)* test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas Servs. v. Ind. Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80,

78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998). Further, "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Id.* at 519.

### III. Analysis

#### A. State Law Claims Seeking Punitive Damages Against Matteson

Counts I and II are state law claims for false arrest and battery against all Defendants, respectively.[2] In particular, these counts allege that Plaintiff was arrested, falsely charged, and that during Plaintiff's arrest Christensen and Lewandowski used unnecessary force. Defendants argue that pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") punitive damages are not allowed against Matteson. Therefore, Defendants seek to dismiss Plaintiff's prayer for punitive damages against Matteson as to Counts I, II, and III.

The Tort Immunity Act provides, "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party . . ." 745 ILCS 10/2-102; *See Castellanos v. City of Elmhurst,* No. 05 C 1480, 2006 WL 2861953, at *5 (N.D. Ill. Sept. 28, 2006)(prohibiting a punitive damages award as against a local government for state law claims); *Trepanier v. City of Blue Island,* No. 03 C 7433, 2004 WL 2222284, at *4 (N.D. Ill. Sept. 30, 2004)(dismissing state law claims for punitive damages against city). The term "local public entity" is defined in the Tort Immunity Act, to include, *inter alia,* a municipality. *See* 745 ILCS

---

[2]As explained in Plaintiff's reply brief, Count I and II are state law claims against all defendants, with the claim against the Village of Matteson based upon the theory of respondeant superior.

10/1-206. Defendant Matteson is a local public entity – a municipality. Consequently, with respect to the claims in Counts I, and II this prayer for relief is dismissed.

**B. § 1983 Claims against all Defendants**

1. *Respondeat Superior*

In Count III, Plaintiff seeks damages against all Defendants in their individual and official capacities. Defendants argue that *§ 1983* does not recognize a theory of *respondeat superior* as a basis for liability against municipal liabilities. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 57 L. Ed. 2d 611 98 S. Ct. 2018 (1978). Plaintiff concedes that *§ 1983* does not sanction municipal liability on a *respondeat superior* basis. (Pl. Resp. at 3.) Accordingly, the Village of Matteson is dismissed from Count III of Plaintiff's complaint.

2. *Monell Claim*[3]

In Count IV, a claim for violation of Plaintiff's rights pursuant to *42 U.S.C. § 1983*, Plaintiff alleges Matteson violated Plaintiff's rights that are protected by the Fifth and Fourteenth Amendments. Defendants argue that Plaintiff failed to sufficiently plead her *§ 1983* claim against Matteson. Under *§ 1983*, municipalities are liable if a plaintiff shows that the municipality, in executing its official policy or practice, caused the constitutional violation. *Monell*, 436 U.S. at 694. The Seventh Circuit has held that the official policy or custom can be presented in the form of an express policy, a widespread practice, or "an allegation that the constitutional injury was caused by a person with final policymaking authority." *Garrison v. Burke*, 165 F.3d 565, 571-572 (7th Cir. 1999).

---

[3] Defendants contend that the claims included in Count IV against Officers Christensen and Lewandowski should be dismissed as only Matteson is the proper party to *Monell* claims. . (Def. Mot. Dismiss at 5.) Plaintiff concedes that Christensen and Lewandowski are not proper parties to Count IV. (Pl. Resp. at 4.) Accordingly, the Court will not further address this issue.

4

Gordon contends that her complaint satisfies the liberal notice pleading standards dictated by *Federal Rule of Civil Procedure 8*. The Court, however, finds that the complaint fails to include factual allegations to support her assertions that the City has an official policy that condones the behavior of which the Plaintiff complains. Section 1983 complaints are not subject to heightened pleading requirements. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993). Nevertheless, when asserting *§ 1983* claims, a plaintiff must do more than plead empty allegations of municipal policy. *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996). While it is true that *Federal Rule of Civil Procedure 8* does not require detailed factual pleading, a plaintiff "must still direct the defendant to the factual cause of the plaintiff's alleged injury." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). "Boilerplate allegations of municipal policy, entire lacking in any factual support that a [municipal] policy does exist, are insufficient ... The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of section 1983 liability devoid of any well-pleaded facts." *Id.* (quoting *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994).

Gordon's allegations regarding her incident represent the sole basis upon which she builds her conclusion that Matteson has an unconstitutional policy. She offers no specific facts suggesting that Matteson has arrested other individuals without probable cause. In other words, Plaintiff's claims fail to allege facts showing a pattern of constitutional violations. Furthermore, similar to the plaintiff in *McTigue* – where the Seventh Circuit affirmed the complaint's dismissal – Plaintiff failed to indicate the types of policies or practices she believes to be in existence at Matteson. *McTigue*, 60 F.3d at 382-383. Accordingly, Plaintiff's *§ 1983* claims are

5

dismissed.

C. § 1983 and Fifth Amendment

In Counts III and IV, Plaintiff alleges violations of her rights against the individual officers and Matteson, pursuant to, *inter alia,* the Fifth Amendment. The Fifth Amendment to the United States Constitution provides in relevant part, "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . " U.S. CONST. amend. V. It is clear that Plaintiff has not raised claims relating to double jeopardy, self-incrimination, grand jury rights, or a taking of his property by eminent domain. U.S. Const. amend. V. Accordingly, the Court will construe the claim as a due process claim. Fifth Amendment protections are made applicable to the states through the Fourteenth Amendment. *See Newsome v. James,* 968 F. Supp. 1318, 1325 (N.D. Ill. 1997)(noting prohibition against Fifth Amendment claims to be brought against city police officers); *Monitor v. City of Chicago,* 653 F. Supp. 1294, 1299 (N.D. Ill. 1987)(dismissing Fifth Amendment claims against city police officers). Thus, the due process clause of the Fifth Amendment only applies to federal officials; a due process claim against state officials would fall under the Fourteenth Amendment. *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S. Ct. 693, 98 L. Ed. 884 (1954); see also *Johnson v. Carroll,* 694 F. Supp. 500, 504 (N.D. Ill. 1988). Plaintiff has not alleged that the due process violations were done under the color of federal law. Indeed, Plaintiff concedes that the violations occurred under the color of state law. The Court does not foreclose the possibility that Plaintiff may be able to make out a viable due process claim against the Village of Matteson under the Fourteenth Amendment, but this complaint does not state such a claim. Therefore, the Court dismisses Plaintiff's Fifth Amendment claims.

**D.     § 1983 and Fourteenth Amendment**

Additionally, in Counts III and IV, Plaintiff alleges violations of her rights by the individual officers and Matteson, pursuant to the Fourteenth Amendment. Specifically, Plaintiff argues that she was deprived of her due process rights and equal protections of the law. The Fourteenth Amendment states, in pertinent part, "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

*1. Due Process*

Specifically, Gordon alleges that as a result of being falsely arrested in the absence of a warrant and as a result of the excessive force used by the Christensen and Lewandowski, she was denied due process. Plaintiff's complaint alleges that Plaintiff's substantive due process rights were violated by her false arrest and the excessive force used by the police officers. The Supreme Court and the Seventh Circuit have held that all claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen are properly alleged under the Fourth Amendment. *Albright v. Oliver*, 510 U.S. 266, 273-274, 127 L. Ed. 2d 114, 114 S. Ct. 807 (1994); *Graham v. Connor*, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 592 (7th Cir. 1997). Consequently, Plaintiff's Fourteenth Amendment substantive due process claims are dismissed.

*2. Equal Protection*

Plaintiff further alleges that as a result of the actions taken by the police officers, she was denied equal protection of the law. Defendant argues that Plaintiff failed to sufficiently plead

the equal protection violations. The Court disagrees. Gordon must show three things to establish a prima facie case of discrimination under the equal protection clause: (1) that he "is a member of a protected class," (2) "that he 'is otherwise similarly situated to members of the unprotected class,'" and (3) "that he 'was treated differently from members of the unprotected class.'" *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993)(quoting McMillian v. Svetanoff, 878 F.2d 186, 189 (7th Cir. 1989)). The Seventh Circuit has held that in pleading an equal protection violation, a plaintiff need only allege the violation. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Bennett*, 153 F.3d at 518. Plaintiff alleges that she was arrested and mistreated as a result of her membership in a protected class. As a result, the Court finds that this allegation sufficiently pleads an equal protection violation under the liberal notice pleading standards dictated by *Federal Rule of Civil Procedure 8(a)(2)*. Accordingly, Defendants' motion to dismiss is denied in relation to Plaintiff's Fourteenth Amendment equal protection claims.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss Plaintiff's complaint. Specifically, Plaintiff's prayers for punitive relief against the Village of Matteson in Counts I and II are dismissed with prejudice. Matteson is dismissed from Count III. Further, Plaintiff's *§ 1983* claims against Matteson and her Fifth Amendment Due Process claims are dismissed without prejudice. Plaintiff may amend her complaint within 14 days from entry of this order in accordance with the ruling of the Court, if she so chooses. Additionally, as explained, Plaintiff's Fourteenth Amendment Due Process

claims are dismissed with prejudice. The Court DENIES dismissal of Plaintiff's Fourteenth Amendment equal protection claim.

IT IS SO ORDERED.

6/22/07
Dated

Wm. J. Hibbler
The Honorable William J. Hibbler
United States District Court